# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 13-939V

Filed: December 9, 2016

* * * * * * * * * * * * * * * * * * * * * * * * *

CAROLINE COURBOIS,            \*          **UNPUBLISHED**

                                  \*

                                  \*          Special Master Hamilton-Fieldman

               Petitioner,       \*

                                  \*

v.                               \*          Attorneys' Fees and Costs;

                                  \*          Reasonable Amount Requested.

SECRETARY OF HEALTH      \*

AND HUMAN SERVICES,      \*

                                  \*

              Respondent.     \*

* * * * * * * * * * * * * * * * * * * * * * * * *

<u>Renee J. Gentry</u>, Vaccine Injury Clinic, GWU Law School, Washington, D.C. for Petitioner.
<u>Michael P. Milmoe</u>, United States Department of Justice, Washington, DC, for Respondent.

## <u>DECISION ON ATTORNEYS' FEES AND COSTS</u>[1]

       On November 27, 2013, Caroline Courbois ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that the administration of an influenza vaccine on January 10, 2013 caused her to suffer from rotator cuff tendonitis, a tear of the anterior aspect of the supraspinatus tendon, bursitis, and a lesion of the proximal humorous. Petition at Preamble, filed Nov. 27, 2013. On September 22, 2014, Respondent filed a Rule 4(c) Report in which she conceded that the influenza vaccination caused Petitioner's injuries, which are consistent with a shoulder injury related to vaccine administration. A ruling on entitlement, finding in favor of Petitioner, was issued on September 23, 2014. A damages hearing was held on April 5, 2016, and at the

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. <u>See</u> 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

conclusion of the hearing, the undersigned awarded compensation to the Petitioner.

On November 30, 2016, Petitioner filed an application for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $91,419.68. *See* Petitioners' Amended Application at 1, filed Nov. 30, 2016. Petitioner requested attorneys' costs in the amount of $6,589.40, and requested costs personally incurred in the course of this litigation in the amount of $438.56. *Id.* Respondent indicated that "[t]o the extent the special master is treating petitioner's request for attorneys' fees and costs as a motion that requires a response from respondent, respondent . . . is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response at 2, filed Dec. 8, 2016. Respondent requested that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3.

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable. Petitioner's request for costs personally incurred is also reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $98,009.08, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Renee J. Gentry, of the Vaccine Injury Clinic; and the amount of $438.56, in the form of a check made payable to Petitioner only**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).